**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 21-CR-246-MV

v.

JORGE OCHOA-PEREZ,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Jorge Ochoa-Perez's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and accompanying request for court-appointed counsel. Doc. 62. The United States filed a Response in opposition. Doc. 64. Having considered the briefing and relevant law, and being otherwise fully informed, the Court **DENIES** Mr. Ochoa-Perez's motion and **FINDS** as moot his request for counsel.

**BACKGROUND**

On December 28, 2021, Mr. Ochoa-Perez pled guilty to four counts: [1] Aiding and Abetting in Possession with Intent to Distribute 100 Grams and More of Heroin, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i); [2] Prohibited Person in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g) and 924; [3] Aiding and Abetting in the Distribution of 400 Grams and More of Fentanyl, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); and [4] Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Doc. 40.

On March 14, 2023, this Court sentenced Mr. Ochoa-Perez to 60 months of imprisonment on the first count, 24 months on the second count, 120 months on the third count, and 12 months

on the fourth count, all to run concurrently, for a total term of 120 months. Doc. 60; Doc. 61.

On May 18, 2026, Mr. Ochoa-Perez filed a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2), arguing that he had been sentenced based on a guideline range that was subsequently lowered by the Sentencing Commission. Doc. 62. His *pro se* motion, which does not identify an applicable amendment to his guideline range, also requests court-appointed counsel. *Id.*

On July 17, 2026, the United States filed a Response, construing Mr. Ochoa-Perez's sentence-reduction motion as premised on Amendment 821 (Part A), which does retroactively decrease his guideline range on the third count from 168–210 months to 151–188 months. Doc. 64. Nonetheless, the United States concludes that the motion must be denied because the Court cannot reduce a sentence that is already below the amended guideline range. *Id.* (citing USSG § 1B1.10(b)(2)(A)).

**STANDARD**

Defendants "must overcome three *distinct* hurdles" to obtain a sentence reduction under 18 U.S.C. § 3582(c)(2). *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017). "The three hurdles are: (1) the 'based on' clause, (2) the 'consistent with' clause, and (3) the § 3553(a) factors." *United States v. Wall*, No. 24-1315, 2025 WL 274630, at *2 (10th Cir. Jan. 23, 2025) (citing *C.D.*, 848 F.3d at 1289–90).

"First, under the statute's 'based on' clause, the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing." *C.D.*, 848 F.3d at 1289. To that end, a sentence is 'based on' the "range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but prior to any discretionary departures." *United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014). Failing such a showing, "the district court lacks

jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289.

"Second, under § 3582(c)(2)'s 'consistent with' clause, the defendant must establish his request for a sentence reduction is consistent with the Commission's policy statements." *Id.* Two such statements are relevant to the requested reduction. One is USSG § 1B1.10(b)(2), which bars reductions "to a term that is less than the minimum of the amended guideline range," unless "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." Another is § 1B1.10(a)(2)(B), which bars reductions when "an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." § 1B1.10 cmt. n.1(A). Unlike the 'based on' clause, the 'consistent with' clause is "not a jurisdictional prerequisite to § 3582(c)(2) relief." *C.D.*, 848 F.3d at 1289.

"Third, the defendant must convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a). Whether a defendant has satisfied § 3582(c)(2)'s third requirement is a query committed to the sound discretion of the district court and is reviewable for an abuse of discretion." *C.D.*, 848 F.3d at 1289–90.

**DISCUSSION**

This Court liberally construes Mr. Ochoa-Perez's Motion as invoking Amendment 821 (Part A),[1] which lowers the guideline range on which his sentence was based from 168–210 months

---

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

to 151–188 months, thereby clearing § 3582(c)(2)'s first hurdle. Nonetheless, because his 120-month sentence is already below the amended guideline range and because it is cabined by a statutory mandatory minimum, a sentence reduction is doubly inconsistent with the Commission's policy statements, causing his motion to fail at the second hurdle.

As for the first hurdle,[2] Mr. Ochoa-Perez's sentence is indeed "based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing." *Id.* At the time of Mr. Ochoa-Perez's sentencing on March 14, 2023, two status points were assessed against him for committing the underlying offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(d) (pre-amendment). Those points placed him in criminal history category III, which, in conjunction with a total offense level of 33, yielded a guideline range of 168 to 210 months. His ultimate sentence of 120 months, despite a downward variance, remains based on a "range produced under the guidelines' sentencing table … prior to any discretionary departures." *White*, 765 F.3d at 1242 (10th Cir. 2014). This guideline range for his sentence was then lowered by Amendment 821 (Part A), effective November 1, 2023, which retroactively eliminated status points for defendants—like Mr. Ochoa-Perez—who otherwise have six or fewer criminal history points. USSG § 4A1.1(e). Without those points, he falls into criminal history category II, lowering his guideline range to 151 to 188 months. This Court thus has jurisdiction to proceed.

As for the second hurdle, however, the requested sentence reduction is inconsistent with "the Commission's policy statements" in two respects. *C.D.*, 848 F.3d at 1289. First, as the

[2] Although neither party addresses the jurisdictional hurdle, "the court cannot proceed unless it makes an independent determination that it has jurisdiction." *Riley v. Bondi*, 145 S. Ct. 2190, 2201 (2025). *See C.D.*, 848 F.3d at 1290 (10th Cir. 2017) (assessing the first hurdle *sua sponte* as "the Government cannot concede a court's criminal jurisdiction where it does not exist").

Government correctly notes, Mr. Ochoa-Perez's 120-month sentence cannot be reduced because it is already "less than the minimum of the amended guideline range," yet was not imposed pursuant to a motion for "substantial assistance." USSG § 1B1.10(b)(2)(A)–(B). Second, more fundamentally, even if his amended guideline range fell below 120 months, a reduction would still be precluded because his sentence is separately cabined by a "statutory mandatory minimum." USSG § 1B1.10 cmt. n.1(A) (interpreting § 1B1.10(a)(2)(B)). He thus remains ineligible for a sentence reduction unless and until Congress itself retroactively lowers the 120-month mandatory minimum for fentanyl distribution under 21 U.S.C. § 841(b)(1)(A)(vi). Since Mr. Ochoa-Perez fails at the second hurdle, the Court need not undertake the third hurdle's fact-bound § 3553(a) inquiry.

**CONCLUSION**

Because a sentence reduction is inconsistent with the Sentencing Commission's policy statements in USSG §§ 1B1.10(b)(2) and (a)(2)(B), Mr. Ochoa-Perez's 18 U.S.C. § 3582(c) Motion is **DENIED** on the merits, and his request for court-appointed counsel is **FOUND** as moot.

ENTERED this 27th day of August, 2026.

MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE